# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,** } } } | |
| Plaintiff, } } | |
| v. } } | Case No.: 7:22-cv-00689-ACA |
| **JAMES CARMICHAEL,** } } | |
| Defendant. } | |

## MEMORANDUM OPINION

In this declaratory judgment action, Plaintiff Nationwide Mutual Fire Insurance Company asks the court to declare that under the terms of homeowners insurance policy issued to Defendant James Carmichael, Nationwide does not have a duty to defend Mr. Carmichael in an underlying state court action.

Currently before the court is Nationwide's motion for summary judgment. (Doc. 25). Because Nationwide's policy does not require it to provide a defense to Mr. Carmichael in these circumstances, the court **WILL GRANT** Nationwide's motion and **WILL ENTER** summary judgment in favor of Nationwide and against Mr. Carmichael.

I.    **BACKGROUND**

In deciding a motion for summary judgment, the court "view[s] all evidence and draw[s] all reasonable inferences in the light most favorable to the non-moving party." *Hallums v. Infinity Ins. Co.*, 945 F.3d 1144, 1148 (11th Cir. 2019).

In 2009, Mr. Carmichael bought a home located in Blocton, Alabama. (Doc. 1 at 2–3; doc. 24-1 at 4). Nationwide issued a homeowners insurance policy to Mr. Carmichael for the property and most recently renewed the policy for a period from July 14, 2018 to July 14, 2019. (*Id.* at 6; doc. 1-3 at 3).

Relevant to Nationwide's claim in this case, the policy states that "[i]f a claim is made or a suit is brought against an 'insured' for damages to due to an 'occurrence' resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property," Nationwide would "[p]rovide a defense at our expense." (Doc. 1-3 at 40). The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in" either "[b]odily injury" or "[p]roperty damage." (*Id.* at 18). The policy defines "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." (*Id.* at 16).

In January 2019, Mr. Carmichael sold his house to Keith and Gloria White. (Doc. 1-1 at 3 ¶ 7; doc. 24-1 at 4). In December 2020, Mr. and Ms. White—who

are not parties to this lawsuit—filed a complaint in state court against their wood infestation inspector asserting state law claims for negligence, wantonness, fraud, suppression, and deceit. (Doc. 1-1). According to the state court lawsuit, before Mr. and Ms. White purchased Mr. Carmichael's home, the wood infestation inspector failed to disclose the presence of termites in the home. (*Id.* at 3 ¶¶ 8–9, 4–5 ¶¶ 19–20, 5 ¶¶ 24–25, 7 ¶ 34). At some point after they purchased the home, Mr. and Ms. White detected evidence of termite infestation, which was confirmed by an inspection in May 2020. (*Id.* at 3 ¶¶ 11–13).

Mr. and Ms. White later amended their state court complaint to assert a claim of suppression against Mr. Carmichael. (Doc. 1-2). The amended complaint alleges that Mr. Carmichael knew or should have known that the house "suffered from moisture, termites, conditions suitable for termites, structural issues or concerns, and/or concerns or issues affecting health or safety" and "failed to disclose any such defect." (*Id.* at 1–2 ¶¶ 47–48). Mr. and Ms. White seek compensatory and punitive damages against Mr. Carmichael for his alleged suppression and misrepresentation. (*Id.* at 2). Nationwide is currently defending Mr. Carmichael in the underlying state court action. (Doc. 29 at 2 ¶ 3).

Nationwide filed this lawsuit, seeking a declaration that it owes no duty to defend or indemnify Mr. Carmichael in the state court action. (Doc. 1). With no objection from Nationwide, the court previously dismissed the duty to indemnify

claim as unripe because there has been no judgment entered against Mr. Carmichael in the underlying lawsuit. (*See* docs. 4, 6, 7). Therefore, the only remaining claim is one for declaratory judgment on the duty to defend.

## II. DISCUSSION

The court must grant summary judgment if the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hallums*, 945 F.3d at 1148. "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018) (cleaned up).

In its motion for summary judgment, Nationwide seeks a declaration that it has no duty to defend Mr. Carmichael with respect to the claims filed by Mr. and Ms. White in the state court action. (Doc. 25-1 at 3–8). Mr. Carmichael responds that Nationwide's duty to defend claim is unripe and that this court cannot determine Nationwide's duty to defend because the underlying lawsuit remains pending and the facts that may determine liability in the case have yet to be determined. (Doc. 28 at 2–8).

1.   Ripeness

Because ripeness is one aspect of the court's subject matter jurisdiction under Article III of the Constitution, *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1202 n.2 (11th Cir. 2021), the court addresses that issue first.

Mr. Carmichael cites only one binding case for the proposition that Nationwide's duty to defend claim is not ripe because the state court has not made findings of facts in the underlying action. (Doc. 28 at 4) (citing *Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445 F.2d 1278 (5th Cir. 1971)[1]). But *Allstate Ins. Co.* is distinguishable because it addressed the ripeness (or lack thereof) of an insurer's declaratory judgment claim on a duty to indemnify, not a duty to defend. *See Allstate Ins. Co.*, 445 F.2d at 1281 (stating in dicta that a duty to indemnify claim is not ripe "until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize"). The same is true of the non-binding cases upon which Mr. Carmichael relies. *See Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579 (11th Cir. Feb. 3, 2023) ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party."); *Mid-Continent Cas. Co. v.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

*Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768 (11th Cir. 2019) (agreeing with and affirming the district court's finding that the insurer's duty to indemnify its insured was not ripe until the underlying lawsuit was resolved).

And as the former Fifth Circuit has held, an insurer's request for a declaration about its duty to defend is ripe when the insurer is providing a defense to its insured. *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960). Here, Nationwide is currently defending Mr. Carmichael in the state court action. (Doc. 29 at 2 ¶ 3). Therefore, its duty to defend claim is ripe for the court's review.

    2.    <u>Duty to Defend</u>

Before examining Nationwide's duty to defend, the court pauses to address what substantive law governs the analysis. The court has diversity of citizenship jurisdiction over this action. (Doc. 1 at 2 ¶ 5). Therefore, the court applies choice of law principles of Alabama, the forum state. *Shaps v. Provident Life & Accident Ins. Co.*, 244 F.3d 876, 881 (11th Cir. 2001). Under Alabama's choice of law rules, "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991). For insurance policies, the State in which the policy was issued and delivered is the State in which the contract was formed. *Cherokee Ins. Co., Inc. v. Sanches,* 975 So.

2d 287, 293 (Ala. 2007). The policy in this case was issued in Alabama (*see* doc. 1-3 at 1). Therefore, Alabama's substantive law applies.

Under Alabama law, "whether an insurance company owes its insured a duty to provide a defense is determined primarily by the allegations contained in the complaint." *St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894–95 (11th Cir. 2009) (citing *United States Fid. & Guar. Co. v. Armstrong,* 479 So. 2d 1164, 1168 (Ala. 1985)). However, "the court is not limited to the bare allegations of the complaint in the action against [an] insured but may also look to facts which may be proved by admissible evidence." *Pac. Indem. Co. v. Run-A-Ford Co.*, 161 So. 2d 789, 795 (1964).

Nationwide makes two arguments in support of its motion for summary judgment on its duty to defend claim. First, Nationwide maintains that neither the allegations in the underlying complaint nor other evidence shows an "occurrence" within the meaning of the policy triggering coverage. (Doc. 25-1 at 3–7). Second, Nationwide submits that any emotional distress Mr. and Ms. White experienced related to Mr. Carmichael's alleged misrepresentations occurred after Mr. Carmichael terminated the Policy. (*Id.* at 7–8). Because Nationwide's first argument entitles it to summary judgment, the court does not consider Nationwide's second argument.

The policy obligates Nationwide to provide a defense for Mr. Carmichael only if Mr. and Ms. White's claim is one for damages "due to an 'occurrence' resulting from" Mr. Carmichael's "negligent personal acts or negligence arising out of the ownership, maintenance, or use of real or personal property." (Doc. 1-3 at 40). Under the policy, an "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in" either "bodily injury" or "property damage." (*Id.* at 18). Here, there is no dispute that Mr. Carmichael's alleged misrepresentation did not cause bodily injury or property damage.

Starting with bodily injury, the policy defines that term as "bodily harm, sickness or disease, including required care, loss of services and death that results." (*Id.* at 16). "Bodily injury" as defined in the Policy "does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm." (*Id.*). The underlying complaint makes no allegation that Mr. and Ms. White suffered any physical injury due to Mr. Carmichael's alleged misrepresentations. (*See generally* docs. 1-1, 1-2). And Mr. Carmichael has not pointed to other evidence from which the court could conclude otherwise.

With respect to property damage, the Policy defines that term as "physical injury to, destruction of, or loss of use of tangible property." (Doc. 1-3 at 19).

Nationwide does not argue that the underlying complaint fails to allege property damage. Instead, citing *State Farm Fire & Cas. Co. v. Gwin*, 658 So. 2d 426 (Ala. 1995), Nationwide argues that any property damage was not "due" to Mr. Carmichael's alleged misrepresentation, and therefore it has no duty to defend the claim. (Doc. 25-1 at 4–5). The court agrees.

In *Gwin*, the insureds sold two properties, and after the sale, the purchasers discovered a termite infestation. 658 So. 2d at 427. The purchasers then filed suit against the insureds, alleging fraud and misrepresentation. *Id.* The insurance company filed a declaratory judgment action seeking a declaration that it had no obligation to defend the insureds in the underlying lawsuit. *Id.* The relevant policy language required the insurance company to provide a defense "[i]f a claim [wa]s made or suit [wa]s brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." *Id.* Relying on its own precedent, the Alabama Supreme Court reversed the trial court's finding that the insurance company had a duty to defend because "any alleged misrepresentations made by the [insureds] did not cause the property damage of which the [purchasers] complain[ed]." *Gwin*, 658 So. 2d at 428.

Similar to the policy in *Gwin* which required that property damage be "caused by" an occurrence, the policy here covers only property damage that is "due to" an occurrence. (Doc. 1-3 at 40). And under the rationale of *Gwin*, the

property damage Mr. and Ms. White experienced was not "due to" Mr. Carmichael's alleged misrepresentations or suppression. *See Gwin*, 658 So. 2d at 428. Therefore, there is no coverage under the policy for any property damage.

Mr. Carmichael contends that because "the facts that determine liability here are still to be determined" in the underlying action, the court cannot make a finding about Nationwide's duty to defend and must deny Nationwide's motion. (Doc. 28 at 7–8). The court disagrees. Again, the court may look to facts that may be proved by admissible evidence in determining the duty to defend. *Pac. Indem. Co.*, 161 So. 2d at 795. But Mr. Carmichael has not pointed to any such evidence. *See Ladner & Co. v. S. Guar. Ins. Co.*, 347 So. 2d 100, 103 (Ala. 1977) ("[T]here is nothing in the record before us, looking beyond the allegations of the complaint, to indicate that the plaintiffs in the lawsuit against [the insured] are asserting" covered claims.). That there have been no factual findings in the underlying state court action does not prevent the court from examining Nationwide's duty to defend as this declaratory judgment action is currently postured; if the evidence in the state court action ultimately shows that Mr. and Ms. White's claim is covered under the policy, then Nationwide may be liable for any fees and expenses Mr. Carmichael incurs in his defense. *See Ladner*, 347 So. 2d at 104. But on the record before the court, Mr. Carmichael has not presented evidence creating a

dispute of fact regarding Nationwide's duty to defend. Therefore, Nationwide is entitled to summary judgment.

## III.   CONCLUSION

The court **WILL GRANT** Nationwide's motion for summary judgment and **WILL ENTER** summary judgment in favor of Nationwide and against Mr. Carmichael on Nationwide's declaratory judgment claim concerning its duty to defend.

The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 23, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE